WILLARD T. SEARS & others *vs.* DANIEL A. FULLER.

Suffolk.    March 24. — June 26, 1884.    DEVENS & COLBURN, JJ., absent.
HOLMES, J., did not sit.

A town voted that a certain way " is hereby discontinued, and that all bonds and
agreements be returned to C. if C. will hold the town harmless from all dam-
ages arising from abutters on " the way.  *Held,* that an indemnity to the town
was a condition precedent to the discontinuance of the way.

BILL IN EQUITY, filed November 19, 1883, by the owners of
land in Revere, to restrain the surveyor of highways of the
town from removing a fence erected by them upon a portion
of their land, over which a town way had been established,
but which they alleged had been discontinued.   Hearing before
*C. Allen,* J., who reported, for the consideration of the full court,
the following case :

At a town meeting regularly called and held on April 11,
1881, and, by adjournment, on April 13, 1881, the following
vote was passed :  " Voted, that the report of the selectmen dis-
continuing, as per petition, Ocean Avenue, as set forth in their
report and plan submitted, and the said avenue is hereby dis-
continued, and that all bonds and agreements be returned to the
Chelsea Beach Company, if the Chelsea Beach Company will
hold the town harmless from all damages arising from abutters
on Ocean Avenue."

The report referred to recommended the discontinuance of so
much of Ocean Avenue as was situated northerly of the line of
the southerly boundary of the land of the plaintiffs where said
land adjoined land then or late of one Raddin.

The article of the warrant under which the vote was passed
was as follows :  " Art. 4.  To see if the town will discontinue
so much of Ocean Avenue as is situated northerly of the line of
the southern boundary of the land of Willard T. Sears, Frank
Seabury, and John P. Lyman, trustees under the articles of
association of the Chelsea Beach Company, where said land
adjoins land now or late of Raddin.   A plan and report has
been filed with the town clerk."

The last clause of the vote, beginning " if the Chelsea Beach
Company," was added as an amendment to the preceding part

of the vote, which was originally moved without the addition, and on which some discussion took place prior to the amendment, and the amendment was accepted by the original mover; so it was passed as one vote.

After the passage of the vote, and upon the same evening, a bond to the amount of $500, executed in behalf of the Chelsea Beach Company to indemnify the town against damages by reason of said proposed discontinuance, was returned to the company by the selectmen, together with an agreement by the company giving the town certain rights in case of any future relocation of the way, said bond and agreement being the ones referred to in said vote. No claims have ever been made on the town, or suits brought for damages, by reason of the alleged discontinuance. But there is an abutter other than the plaintiffs, one Kinsman, who would be damaged by a discontinuance.

At a town meeting held May 2, 1883, it was voted " to instruct the selectmen not to accept any bond from the Chelsea Beach Company in the matter of discontinuance of Ocean Avenue."

The fence described in the bill was upon the portion of Ocean Avenue which the selectmen recommended should be discontinued.

If the court should be of opinion, upon the facts, or such part of the same as would be admissible in evidence, that the portion of Ocean Avenue referred to in the plan, report, and warrant had been discontinued, a perpetual injunction was to issue, according to the prayer in the bill; otherwise, the bill to be dismissed, or such other order and decree to be entered as might seem proper.

*G. O. Shattuck & W. A. Munroe*, for the plaintiffs.

*A. Hemenway & G. E. Smith*, for the defendant.

C. ALLEN, J. 1. The condition, " if the Chelsea Beach Company will hold the town harmless from all damages arising from abutters on Ocean Avenue," must be held to relate to the discontinuance of the avenue as a town way, and not merely to the return of the bonds and agreements. The town was willing to discontinue the way, if the company would hold the town harmless from damages; and not otherwise.

2. A more difficult question is, whether it was intended that the way should be discontinued at once, leaving the condition to be performed afterwards. The language is, that the avenue is hereby discontinued, if the company will hold the town harmless. But there was no provision that the selectmen or any committee might accept performance by the company, and therefore it was left for the town itself to do so. *Allen* v. *Cooper*, 22 Maine, 133. It does not appear to have been contemplated that any action of the company should be brought before the town at that meeting. According to the natural order of events, the company should perform its part to the satisfaction of the town before the vote of the town would take effect. The town did not intend to discontinue the way without being indemnified against damages. Whether a condition is precedent or subsequent depends on the intent of the parties, to be collected from the nature of the case, and on the order of time in which the intent of the transaction requires the different acts to be performed. 2 Greenl. Cruise, 3, note. 4 Greenl. Cruise, 354. 2 Washb. Real Prop. 446. The order of the arrangement of the condition in the vote is quite unimportant. Looking at the intent of the transaction, it appears to us, on the whole, that the discontinuance of the way was not to precede the indemnity. The result is, that there was no valid discontinuance.

The present case is not like *Harrington* v. *Harrington*, 1 Met. 404, 408, where a town way was accepted, subject to a condition which could not be performed till afterwards; nor like *Cheshire Turnpike* v. *Stevens*, 10 N. H. 133, where there was a vote to discontinue a way, with the reservation of a right to open it again without paying damages, which right could not be acted on till a future day. *Bill dismissed.*